IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLOBAL AMERICAN TRANSPORT, LLC        *

      Plaintiff        *

v.        *   Civil Action No:

NORLAT SHIPPING LTD., AS        *

      Defendant        *

    *    *    *    *    *    *    *    *    *    *    *    *

## VERIFIED COMPLAINT

Plaintiff, GLOBAL AMERICAN TRANSPORT, LLC (hereinafter "GAT" or "Plaintiff"), by and through undersigned counsel, files this Verified Complaint against Defendant NORLAT SHIPPING LTD., AS (hereinafter "Norlat" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.    Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure for claim of breach of a maritime contract.

2.    Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b), because the property belonging to the Defendant, *to wit*, bunkers on board the M/V ST. PAUL (IMO 9623051) and/or agency disbursements in the possession of the Vessel's agent, is or will be located within the District of Maryland during the pendency of this action.

## THE PARTIES

3.      At all times material hereto, Plaintiff GAT, was and still is a business entity organized under the laws of Delaware with a principal place of business in Chicago, Illinois.

4.      At all times material hereto, Defendant Norlat was and still is a foreign business entity organized under the laws of a foreign country and operating from the address Glengsgate 20, 1709 Sarpsborg, Norway.

## THE FACTS

5.      Plaintiff, as disponent owner of the M/V ALMIRANTE STORNI, entered into a time charter party agreement dated October 20, 2021 which incorporated an amended NYPE '46 form, with Defendant Norlat wherein Plaintiff agreed to let and Defendant agreed to hire the M/V ALMIRANTE STORNI for "1 TCT VIA SAFE PORT(S), SAFE BERTH(S), SAFE ANCHORAGE(S) VIA SKELLEFTEHAMN, SWEDEN OR OTHER SWEDISH PORT(S) NOT NORTH OF SKELLEFTEHAMN, TO EGYPT MED WITH A CARGO OF PACKAGED SAWN TIMBER ON/UNDER DECK. DURATION ABT 45-55 DAYS WOG. TRADING ALWAYS VIA SPS, SBS, SAS, ALWAYS AFLOAT." *See* fixture recap attached as Exhibit 1.

6.      The charter party agreement is a maritime contract.

7.      The parties agreed to arbitration of disputes arising out of the maritime contract in London with English law to apply. *Id*.

8.      Pursuant to the applicable charter party agreement, hire was to be paid at a daily rate of USD $30,500, PDPR ICLOT. *Id*.

9.      During the voyage, certain disputes arose between the parties as to the calculation of hire due and owing.  Specifically, Defendant attempted to place the Vessel off-hire for a period of eight (8) days at the port of loading due to a contention that one of the Vessel's cranes was not

fully operational.  In addition, Defendant has attempted to deduct hire due and owing at the port of discharge for approximately eighteen (18) additional days, due to document filing problems with Egyptian customs. In addition, Defendant has attempted to deduct hire due and owing at the port of discharge for approximately twelve (12) additional days, due to alleged delays in discharging.

10.     In addition, Defendant has deducted commission charges and the value of the bunkers consumed during this disputed period, as well as failed to pay for hull cleaning and hire incurred during the cleaning, all of which Plaintiff maintains are due and owing.

11.     Save for a slight deduction credit on a pro rata basis for one of the cranes during the port of loading, Plaintiff has rejected all of the alleged deductions.  In short, Plaintiff maintains that Defendant Norlat is obliged to pay hire at the agreed rate of USD $30,500 per day every fifteen (15) days in advance and have failed to do so.

12.     The outstanding balance due and owing to Plaintiff GAT from Defendant Norlat under the charter party agreement is **USD $1,108,116.76**, which consists of:

    a.  Hire: USD $2,474,083.75

    b.  Operational Expenses: USD $ 7,720.50

    c.  Hull Cleaning Expenses: USD $114,630.65

    d.  Bunkers: USD $90,308

    e.  Less Commissions and Payments made: $1,578,626.14

*A copy of the Final Hire Statement is attached as Exhibit 2.*

13.     The failure to pay the amounts due and owing for this claim is a breach of the charter party agreement by Defendant Norlat.

14. Despite being duly and properly made aware of the outstanding hire and other charges owed, Defendant has failed, neglected, and/or refused to remit payment totaling **USD $1,108,116.76,** and/or provide security for same.

### APPLICATION FOR ATTACHMENT UNDER
### SUPPLEMENTAL ADMIRALTY RULE B

15. Plaintiff restates and re-alleges each and every allegation contained in the above foregoing Verified Complaint.

16. Plaintiff's claim for breach of the charter party agreements is a maritime claim.

17. This is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant to obtain security for Plaintiff's claims in aid of a London arbitration proceeding.

18. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 5.5%, compounded quarterly.

19. Plaintiff expects to recover the following amounts in arbitration from Defendant:

| | | |
|---|---|---|
| A. | Claim: | $1,108,116.76 |
| B. | Estimated Interest for Principal Claim: *2 years at 5.5 %, compounded quarterly* | $127,922.21 |
| C. | Estimated Arbitration Cost: | $250,000.00 |
| D. | Estimated Attorney's Fees: | $250,000.00 |
| | TOTAL: | $1,736,038.97 |

20. Therefore, Plaintiff's total claim for breach of the charter party, plus applicable interest, costs, and fees in the aggregate estimated to be no less than **$1,736,000.00**.

21. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *Attached*

*hereto is a true and correct copy of the Declaration of Alexander Giles as Exhibit 3.* Notwithstanding, the Defendant has or will have within the District tangible or intangible personal property including assets, accounts, freights, monies, charter hire, credits, effects, payments, goods or services, bills of lading, cargo and the like, which is subject to attachment as security for Plaintiff's claims.

22.     Plaintiff has conducted an investigation and made maritime industry inquiries of Defendant's regular business activities due to the outstanding debts caused by the Defendant's breach of the charter party agreement.

23.     Those investigations and industry inquiries have revealed that pursuant to a separate time charter agreement, the M/V ST. PAUL (IMO 9623051), is under time charter to the Defendant and upon information and belief is presently or will soon be presently within the District of Maryland, *to wit* at Tradepoint Atlantic, 6995 Bethlehem Blvd, Sparrows Point, MD 21219.

24.     Plaintiff arranged for and obtained information from maritime investigative sources to identify the M/V ST. PAUL is a vessel time-chartered to Defendant Norlat.  Those sources confirmed that the vessel loaded approximately 17000 metric tons of wood/paper products in Bremen and departed on December 13, 2022 for Baltimore, with a subsequent call in Philadelphia.

25.     Upon information and belief, Norlat's website and social media presence identifies the Bremen/North America routing to Baltimore/Philadelphia as a regular service route for the delivery of bulk forest products and commodities.

26.     The M/V ST. PAUL has on board tangible physical property of said Defendants, with bunkers on board the vessel, as well as any other tangible and/or intangible property located onboard which is subject to attachment as security for Plaintiff's maritime claims.  It is standard in the market and in time charter party contracts in particular, that upon delivery of the vessel into

the time charterer's service, the charterer such as Defendant Norlat here, becomes the owner of the bunkers onboard the vessel.

27.     Accordingly, Plaintiff has the good faith belief that the bunkers onboard the M/V ST. PAUL, are assets of Defendant which are or will be located in this District.

28.     Moreover, upon information and belief, Defendant has appointed an agent in the district to service the M/V ST. PAUL, i.e. Inchcape Shipping Services, 1400 E Clement St, Baltimore MD 21230, and it is likely that the said steamship agent has in its possession and/or control tangible or intangible property of Defendant including but not limited to funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the upcoming calls of the M/V ST. PAUL and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B.     That if Defendant cannot be found within this district, then all of its respective tangible or intangible property within this district, including physical property, or any property in which Defendant has an interest, such as debts, obligations, credits, effects, or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.     That Defendant, alternatively, be ordered to give security to Plaintiff for Plaintiff's claim in London Arbitration in the amount of **$1,736,000.00**;

D.     That if Defendant fails to appear and answer this matter once property has been

attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of **$1,736,000.00**, plus interest and costs, and the proceeds of the assets attached be applied in satisfaction thereof;

E.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including, but not limited to, the recognition and enforcement of any award or judgment against the Defendant in London Arbitration; and

F.     That the Court grant Plaintiff such other and further relief as the justice of this cause may require and that this Court deems just, equitable, and proper.


Dated: December 30, 2022
          Baltimore, Maryland                    Respectfully submitted,


                                        _____*/s/ Alexander M. Giles*_____
                                        Alexander M. Giles, Federal Bar No. 25474
                                        James R. Jeffcoat, Federal Bar No. 30105
                                        Whiteford, Taylor & Preston L.L.P.
                                        Seven Saint Paul Street
                                        Baltimore, Maryland 21202-1626
                                        Telephone: (410) 347-8750
                                        Facsimile: (410) 223-4309
                                        agiles@wtplaw.com
                                        jjeffcoat@wtplaw.com