# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLOBAL AMERICAN TRANSPORT, LLC | * |
|    Plaintiff | * |
| v. | *   Civil Action No: |
| NORLAT SHIPPING LTD., AS | * |
|    Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF GLOBAL AMERICAN TRANSPORT, LLC'S MOTION FOR ORDER AUTHORIZING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

COMES NOW Plaintiff, Global American Transport, LLC ("Plaintiff"), by and through undersigned counsel, and respectfully submits this memorandum of law in support of its request that this Honorable Court issue an Order authorizing Issuance of Writ of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully states as follows:

## I.    EXPEDITED RELIEF IS NECESSARY AND APPROPRIATE HERE

1. Plaintiff has filed a Verified Complaint which sets out all of the required elements to obtain an order authorizing attachment pursuant to Supplemental Rule B. *See* Verified Complaint. The property of Defendant Norlat Shipping Ltd., AS ("Defendant") which is the subject of the attachment application that includes bunkers on board the M/V ST. PAUL (IMO 9623051) ("the Vessel"). The Vessel is a bulk carrier cargo ship and capable of completing cargo operations within a very short timeframe, *i.e.*, approximately forty-eight (48) hours or less.

2. The Vessel is expected to arrive within the District of Maryland on or about January 1, 2023 at 0400, and it is believed that cargo operations will shortly thereafter be underway. Accordingly,

1

it is respectfully submitted that expedited consideration of the application and issuance of the order and writ of attachment is necessary to attach Defendant's property on board the Vessel before she departs the jurisdiction. Defendant has failed, neglected, and/or refused to remit payment totaling $1,736,000.00 which is indisputably due and owing under the charter party agreements.

3. Maritime attachment is a well-established remedy designed to allow maritime claimants to obtain jurisdiction over defendants and to secure their claims. Courts have universally recognized Rule B attachment remedy due to the transitory nature of the assets and their presence in jurisdictions where recovery is not only inconvenient, but impossible. *See Yayasan Sabah Duo Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd.*, 335 F. Supp. 2d 441, 444 (S.D.N.Y. Sept. 13, 2004) (Kaplan, J.). "A ship may be here today and gone tomorrow, not to return for an indefinite period, perhaps never…" *Polar Shipping, Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 637 (9th Cir. 1982).

## II. THE ELEMENTS OF RULE B HAVE BEEN MET

4. The Rule B maritime attachment action was commenced in order to obtain security in aid of Plaintiff's maritime claim for breach of charter party agreements which will be pursued in London Arbitration. *See* Verified Complaint. Here, Plaintiff seeks the attachment of tangible and intangible property of Defendant Norlat Shipping Ltd., AS, including but without limitation to, bunkers onboard the M/V ST. PAUL, a vessel which Defendant has time chartered.

5. "Under Rule B of the Supplemental Admiralty Rules, plaintiff may attach a defendant's property if four (4) conditions are met: (1) Plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment" *Vitol, S.A. v. Primrose Shipping Co.*, 708 F.3d 527, 541 (4th Cir. 2013); Fed. R. Civ. P., Supp. R. B.

6. Plaintiff submits that the requirements of Supplemental Admiralty Rule B have been met, and respectfully requests an Order issuing a writ of maritime attachment of Defendant's property

soon to be located within this judicial district, the tangible and intangible physical property including bunkers consisting of marine fuel oil and diesel oil onboard the vessel, M/V ST. PAUL (IMO 9623051), as well as any tangible or intangible property belonging to Defendant in the possession of shipping agents Inchcape, acting as agent in respect to vessels operated by Defendant.

7. All four (4) requirements of Rule B have been met, as summarized below:

A. Plaintiff has a valid *prima facie* admiralty claim against Defendant for breach of the charter party agreement which is a maritime contract. *See* Verified Complaint, ¶¶1-28. Specifically, Defendant has failed, neglected, and/or refused to pay for hire, operational and hull cleaning expenses, and bunkers. Consistent with Rule B and Rule E of the Supplemental Admiralty Rules, Plaintiff seeks security in the amount of **$1,736,000.00** for the claim. Verified Complaint, ¶¶ 19-20.

B. Defendant cannot be found within the District of Maryland for the purposes of Rule B. In support of its Verified Complaint Plaintiff has filed the Declaration of Alexander M. Giles, averring that the Defendant cannot be found within the district pursuant to Rule B and the efforts undertaken to find and serve the Defendant. *See* Verified Complaint, at Exhibit 3. Specifically, Plaintiff is informed and believes: that the Defendant cannot be found within the District of Maryland; that to Plaintiff's knowledge, the Defendant does not maintain offices or telephone listings in the District of Maryland; that the Defendant is not incorporated or registered to do business in the State of Maryland; and, that the Defendant does not have a registered agent for the receipt of service of process in the State of Maryland.

C. Plaintiff is informed and believes Defendant does now, or will during the pendency of this action, have tangible and intangible property within the District of Maryland, and said tangible and intangible property is amendable to attachment and garnishment pursuant to Supplemental Admiralty Rule B. *See* Verified Complaint, ¶¶21-28. More specifically, Defendant has tangible and intangible property consisting of bunkers on board the M/V ST. PAUL, which are subject to attachment as security

for Plaintiff's maritime claims. *see also E.A.S.T., Inc. of Stamford,* 673 F. Supp. 796, 802, 1988 A.M.C. 1396 (E.D. La. 1987) ("Under a time charter, the **charterer generally provides and pays for all fuel**, port charges, pilotage, launch hire, tug assistance, consular charges, dock, harbor and tonnage dues at the ports of delivery and redelivery and agency fees").

D. Finally, regarding the fourth element, Plaintiff asserts there is no statutory or general maritime law bar that prevents attachment.

WHEREFORE, as all of the required elements of Rule B and the Local Admiralty Rules have been met, Plaintiff respectfully requests that this Court expedite consideration of Plaintiff's motion, enter the enclosed Order authorizing the Issuance of Writ of Maritime Attachment and Garnishment, direct the United States Marshal for the District of Maryland to seize the bunkers onboard the M/V ST. PAUL, and to garnish any tangible or intangible personal property in the possession, custody or control of the Master of the M/V ST. PAUL belonging to Defendant, or other such property belonging to the Defendant and which may be found within this District during the pendency of this action, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Respectfully submitted,

/s/ Alexander M. Giles
Alexander M. Giles, Federal Bar No. 25474
James R. Jeffcoat, Federal Bar No. 30105
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8750
Facsimile: (410) 223-4309
agiles@wtplaw.com
jjeffcoat@wtplaw.com

*Attorneys for Plaintiff*
Global American Transport, LLC