IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLOBAL AMERICAN TRANSPORT, LLC, ) ) ) ) Plaintiff, ) ) v. ) ) NORLAT SHIPPING LTD, AS ) ) Defendant. ) | Civil Case No. 22-cv-3368-LKG<br><br>Dated: December 30, 2022 |

**ORDER AUTHORIZING ISSUANCE OF PROCESS**
**OF MARITIME ATTACHMENT AND GARNISHMENT**

On December 30, 2022, Plaintiff, Global American Transport, LLC, filed a motion for order authorizing issuance of writ or maritime attachment ad garnishment (ECF No. 2). Having reviewed and considered the motion pursuant to Supplemental Admiralty Rule B and for Expedited Consideration and Plaintiff's Verified Complaint, together with the Attorney Declaration that the Defendant cannot be found in the District, and finding that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist, and good cause having been shown, the Court hereby:

**ORDERS** the Clerk to issue Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, belonging to Defendant NORLAT SHIPPING LTD., AS, to wit: bunkers onboard the M/V ST. PAUL (IMO 9623051), which is currently located within the District of Maryland, in an amount up to **$1,736,000.00** pursuant to Supplemental Rule B; and

**ORDERS** the Clerk to issue Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, belonging to Defendant NORLAT SHIPPING LTD., AS, in the hands of vessel agent Inchcape Shipping Services, 1400 E Clement St, Baltimore, MD 21230, to wit: debts (matured or unmatured), credits, effects,

accounts payable, accounts receivables, hire payments, freight payments, choses-in-action, funds advanced by Defendant in respect of disbursements, charter hire, pilots, tugs, stevedoring services, port costs, and expenses relating to the upcoming calls of the M/V ST. PAUL, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment, in an amount up to **$1,736,000.00** pursuant to Supplemental Rule B; and

**ORDERS** the Clerk to issue Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint against all tangible and intangible property of the Defendant, as described therein, including without limitation, any property in which the Defendant has an interest, including without limitation, any vessels, equipment, tackle, appurtenances, cash, funds, escrow funds, debts, credits, wire transfers, electronic funds transfers, accounts, letters of credit, and/or any other assets of, belonging to, due or being transferred to or from or for the benefit of the Defendant (collectively "Assets") including without limitation, such Assets as may be held, received or transferred for its benefit at, through, or within the possession, custody, or control of banking institutions, other persons or entities, and/or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,736,000.00** pursuant to Supplemental Admiralty Rule B in respect to the claim against the Defendant, as identified in the Verified Complaint and as specified in the Process; and

**ORDERS** that the Clerk of the Court shall issue further, supplementary process of maritime attachment and garnishment, on request of the Plaintiff and without further order of this Court; and

**ORDERS** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and

**ORDERS** that the United States Marshal Service and/or any Substitute Custodian, which is subsequently appointed by this Court, is authorized to allow the M/V ST. PAUL to conduct normal cargo operations, both discharging and loading, repair works, and to shift berths (consistent with the United States Marshal Service's requirements), always remaining within this judicial district, and always at the risk and expense of the vessel's interests; and

**ORDERS** that the United States Marshal Service is released and held harmless for any and all costs, fees, liabilities, or other expenses in any way arising out of the attachment of the bunkers onboard the M/V ST. PAUL; and

**ORDERS** that any property of the Defendant, specifically the bunkers on board the M/V ST. PAUL, as well as any tangible or intangible property of Defendant in the possession of its shipping agent Inchcape Shipping Services, may be released from attachment without further order of this Court, if the United States Marshal Service and/or Substitute Custodian receives written authorization to do so from the attorney who requested the attachment and garnishment, stating that he has conferred with all attorneys representing parties to the litigation, and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order; and Plaintiff shall hold harmless and indemnify the United States of America, the United States Marshal Service, their agents, servants, employees, from any and all claims arising from the attachment and release of the vessel as is herein specifically provided; and

**ORDERS** that any person claiming an interest in the property attached or garnished pursuant to order upon application of the Court, be entitled to a prompt hearing in which Plaintiff shall be required to show why the attachment or garnishment should not be vacated or other relief granted.

**IT IS SO ORDERED** this **30th** day of December, 2022.

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge