IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLOBAL AMERICAN TRANSPORT, LLC | * | |
| Plaintiff | * | |
| v. | * | Civil Action No:   22-CV-3368-LKG |
| NORLAT SHIPPING LTD., AS | * | |
| Defendant | * | |

\*    \*    \*    \*    \*         \*    \*    \*    \*    \*    \*    \*

### *EX PARTE* MOTION FOR AN ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT TO RULE 4(C)(3) AND SUPPLEMENTAL RULE B

Plaintiff Global American Transport, LLC, (hereinafter "Plaintiff"), by and through its undersigned counsel, respectfully moves this Honorable Court for an Order Appointing a Special Process Server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Plaintiff desires that a Writ of Maritime Attachment and Garnishment be served on the agent of the M/V ST. PAUL, Inchape Shipping Services, (hereinafter "Garnishee"), through its registered agent located at 1400 E Clement Street, Baltimore, Maryland 21230 with all deliberate speed to attach tangible or intangible property of Defendant Norlat Shipping Ltd., AS, including, but without limitation to, funds advanced by Defendant in respect of disbursements, charter hire, pilots, tugs, stevedoring services, port costs, and expenses relating to the upcoming calls of the M/V ST. PAUL, and also, if applicable, freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment, and to attach said property consistent with the Order and Writ of Attachment issued in this matter.

A third-party process server, over 18 years of age and not party to this action, will act as

special process server to effect service of the Writ of Maritime Attachment and Garnishment on Inchape Shipping Services. To the extent that the Motion for an Order Appointing a Special Process Server with respect to this Writ of Attachment and Garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by a U.S. Marshal as it simply involves the delivery of the writ to the garnishee(s) who are believed to be in possession of the property belonging to Defendant and can be accomplished by a regular process server.

To avoid the need to repeatedly serve the garnishee, Plaintiff respectfully seeks leave, as embodied in the accompanying proposed order, for any writ served on a garnishee to be deemed effective and continuous once served.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the motion and appoint a special process server, who is over the age of 18 and not party to this action, and such other and further relief as the Court may deem appropriate in the circumstances.

Dated: January 3, 2023
Baltimore, Maryland

Respectfully submitted,

/s/ Alexander M. Giles
Alexander M. Giles, Federal Bar No. 25474
James R. Jeffcoat, Federal Bar No. 30105
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8750
Facsimile: (410) 223-4309
agiles@wtplaw.com
jjeffcoat@wtplaw.com

*Attorneys for Plaintiff*
*Global American Transport, LLC*

*12728157*